IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-109-H
No. 5:16-CV-448-H

UBLADO ALVAREZ-GUTIERREZ,   )
    Petitioner,             )
                            )
v.                          )    **ORDER**
                            )
UNITED STATES OF AMERICA,   )
    Respondent.             )
                            )

This matter is before the court on the government's Motion to Dismiss, [D.E. #49], in response to petitioner's Motion to Vacate under 28 U.S.C. § 2255, [D.E. #44]. Petitioner did not respond to the government's motion to dismiss and the time for further filing has expired. This matter is ripe for adjudication.

### BACKGROUND

On June 8, 2010, petitioner pled guilty pursuant to a written plea agreement to conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Two). [D.E. #14]. On March 9, 2011, the court sentenced petitioner to 60 months on each count, to be served consecutively, a total of 120 months of imprisonment. Petitioner did not appeal his judgment. On August 4, 2016, petitioner filed

a motion to vacate his sentence under 28 U.S.C. § 2255. Petitioner argues, in light of Johnson v. United States, 135 S.Ct. 2551 (2015), his conviction under § 924(c) was unconstitutional because the residual clause of § 924(e)(2)(B)(ii) is void for vagueness.

## COURT'S DISCUSSION

In the Johnson decision, the Supreme Court of the United States invalidated the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii) ("Armed Career Criminal Act" or "ACCA"). In Welch v. United States, 136 S.Ct. 1257, 1265 (2016), the Supreme Court held the rule pronounced in Johnson is retroactively applicable on collateral review.

Here, petitioner was not sentenced under ACCA or as a Career Offender under the USSG. His § 924(c) conviction is based upon drug trafficking, not a crime of violence. Petitioner did not receive any advisory sentencing guidelines enhancements based upon a crime of violence. Therefore, the Supreme Court's decisions in Johnson and Welch, invalidating the residual clause of ACCA, cannot provide a basis for petitioner's requested relief.[1]

---

[1] Petitioner's motion to vacate under § 2255 is also untimely filed. "The [one-year] limitation period shall run from the latest of - . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f). Petitioner relies upon the retroactively applied Johnson via Welch. However, both cases are inapplicable, and thus, the statute of limitations has expired. Petitioner's judgment became final on March 9, 2011, and as petitioner did not appeal, his judgment of conviction became final on that date. Thus, the statute of limitations would have run as of March 9, 2012. Petitioner did not file his Motion to Vacate under § 2255 until August 4, 2016, and therefore, this motion is untimely.

2

**CONCLUSION**

For the foregoing reasons, the Government's Motion to Dismiss, [D.E. #49], is GRANTED. Petitioner's Motion to Vacate, [D.E. #44], is DENIED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). A reasonable jurist would not find this court's dismissal of petitioner's 28 U.S.C. § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This 28th day of June 2017.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35

3